IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KATELYN KERRIGAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ALCOTT HR GROUP LLC**<br><br>Defendant. | **Case No. 2:26-cv-04433** |

**DECLARATION OF ATTORNEY WILLIAM B. FEDERMAN**

I, William B. Federman, declare as follows:

1. I am an attorney with personal knowledge of the facts contained in this declaration, and if called to testify I could and would testify competently thereto.

2. On July 22, 2026, Plaintiff filed this lawsuit under the Class Action Fairness Act ("CAFA") on behalf of herself and a nationwide class of persons whose highly sensitive personally identifiable information and protected health information was stolen from Defendant Alcott HR Group LLC's ("Alcott HR") inadequately protected computer system by unauthorized cybercriminals.

3. This Court has diversity jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d). CAFA states that district courts shall have original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and is a class action in which any member of a class of plaintiffs is a: (A) citizen of a State different from any defendant; (B) foreign state or a citizen or subject of

a foreign state and any defendant is a citizen of a State; or (C) citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).

4. The bar for minimal diversity under CAFA in the Second Circuit is quite minimal. The party asserting CAFA jurisdiction need only plead to a "reasonable probability" that minimal diversity exists. Here, the Defendant has publicly disclosed that diverse class members exist, and the Indiana class members were disclosed in the Class Action Complaint and the subsequent Court-ordered Declaration. As such, minimal diversity has been met and the case should proceed to consolidation and/or an answer or pre-answer motion from the Defendant.

**Defendant's Citizenship**

5. For the purposes of a suit under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

6. The Second Circuit has not provided guidance as to a limited liability company's citizenship for purposes of CAFA jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("The term 'unincorporated association' is not defined in CAFA, and this Court has not addressed the question of whether it encompasses limited liability companies."). Two Circuit Courts have held that an LLC's citizenship in a CAFA action is determined by its state of organization and principal place of business. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 702-04 (4th Cir. 2010). The Court should apply the same reasoning here and find that LLCs are unincorporated associations for purposes of CAFA jurisdiction. *Claridge v. N. Am. Power & Gas Co., LLC*, 2015 WL 5155934, at *1-2 (S.D.N.Y. Sept. 2, 2015) ("This Court concludes that as an LLC, [defendant] is an unincorporated association, and its citizenship in a CAFA action is

determined pursuant to section 1332(d)(10).") *Kim v. Trulia, LLC*, 2021 WL 8743946, at *3 (E.D.N.Y. May 31, 2021) (same).

7. According to publicly available records, Defendant is a Delaware limited liability company with its principal place of business in Farmingdale, New York. (ECF No. 1, ¶ 18). Therefore, under the CAFA statute, Defendant is a citizen of Delaware and New York.

**Class Members' Citizenship**

8. To establish minimal diversity under 28 U.S.C. § 1322(d)(2), only one member of the purported class needs to be a citizen of a State different from any defendant. The class need not be certified at the time of filing; it is enough to factually allege that at least one citizen of the proposed class is a citizen of a State different from any defendant. *Miller v. Syracuse Univ.*, 662 F. Supp. 3d 338, 358 (N.D.N.Y. 2023).

9. In a recent data breach case, the Northern District of New York held that minimal diversity was met where the parties were both New York citizens because the Defendant disclosed in its Notice of Removal that at least one putative class member was diverse from the Defendant. *Id.*

10. According to Defendant, approximately 76,098 individuals' Private Information were implicated in the Data Breach – including 167 Indiana residents. (ECF No. 1, ¶ 5). The Complaint seeks to certify a class of individuals whose Private Information was implicated in the Data Breach. *Id.* ¶ 139. According to Defendant, 167 Indiana residents' Private Information was implicated in the Data Breach *Id.* ¶ 5. Additionally, the Defendant has also reported that at least 846 residents of Massachusetts and 28 residents of Vermont were impacted by the Data Breach.[1]

[1] https://www.mass.gov/doc/data-breach-report-2026/download (last visited August 10, 2026); https://ago.vermont.gov/categories/security-breach-notices (last visited August 10, 2026).

11. These disclosures carry equal weight to the Notice of Removal in *Miller* because Defendant reported these numbers based on statutory requirements for each state.

12. Although place of residence does not equate to citizenship, courts will consider the last known residency of unnamed class members in deciding questions of CAFA jurisdiction. *Doe v. Georgetown Synagogue-Kesher Isreal Congregation*, 118 F. Supp. 3d 88, 96 n.4 (D.D.C. 2015) ("[D]efendants object to using last known addresses as indicative of proposed class members' citizenship. For the purposes of a "reasonable inferences" analysis for determining the applicability of CAFA jurisdiction exceptions, however, the Court views these addresses as an acceptable proxy, particularly in light of its desire–which is shared by the defendants–to limit incursions on the privacy of proposed class members.").

13. Plaintiff's Complaint factually alleges that approximately 167 of the purported class members are residents of Indiana based on Defendant's public disclosures. Therefore, Plaintiff has factually alleged that at least one class member – *i.e.*, approximately 167 class members – are citizens of Indiana.

14. Moreover, Plaintiff's allegations are unchallenged factual assertions and must be construed as true at this stage. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014).

15. This case differs from *Jackson v. Lendio, Inc.*, 2026 WL 2268617, (E.D.N.Y. Aug. 6, 2026) in that, in *Jackson*, the defendant (a citizen of Delaware and Utah) plead that, "'given that the [p]utative [c]lass relates to individuals employed in New York, there is nothing to suggest that any of them are domiciled in Utah, nor is [the defendant] aware of any potential members of the [p]utative [c]lass having been domiciled in Utah.'" *Id.* at *3. The Court found that "Defendants fail to provide any factual submissions regarding the citizenship of *any* unnamed plaintiff at the

time this action was initiated, despite the fact that Defendants had 'conducted a review of employment records maintained in the ordinary course of business and identified at least 218 individuals' who are members of the putative class to prepare their Response." *Id.*

16. In contrast, Plaintiff does not allege any conclusory allegations or assumptions that members of the proposed class are citizens of a State that differs from Defendant. Rather, Plaintiff makes actual factual allegations that at least 167 proposed class members are citizens of Indiana according to publicly available information from Defendant. (ECF No. 1, ¶ 5).

17. Based on Defendant's disclosures, it is uncontested that class members diverse from the Defendant exist.

18. Therefore, Plaintiff has properly pled minimal diversity. Plaintiff has factually alleged that at least one member of the putative class (*i.e.*, approximately 167 Indiana citizens) is a citizen of a state that is diverse from the Defendant (a New York and Delaware citizen). *Id.* ¶¶ 5, 21.

Dated: August 13, 2026

Respectfully submitted,

*/s/ William B. Federman*

William B. Federman (#2215341)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

***Counsel for Plaintiff and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's CM/ECF system, which will automatically notify all counsel of record.

*/s/ William B. Federman*
William B. Federman